FILED
2012 Jun-27  AM 11:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **RENEE BARTON, an individual,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Civil Action No.:** |
| **LVNV FUNDING, LLC, a** | ) | |
| **Corporation;  BUDZIK & DYNIA,** | ) | |
| **LLC, a Corporation;** | ) | |
| **FIRSTSOURCE ADVANTAGE,** | ) | |
| **LLC, a Corporation,** | ) | |
| | ) | |
| **Defendants.** | | |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, and for her Complaint against the Defendants:

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), out of state law violations and out of the invasions of Plaintiff's personal and financial privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

2. Congress found it necessary to pass the FDCPA due to rampant abusive Practices by dishonorable debt collectors.  15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

(a)     There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

(b)     Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c)     **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts**.

(d)     Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e)     It is the **purpose** of this title to **eliminate abusive debt collection practices** by debt collectors, to **insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged**, and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

## JURISDICTION

3.     Personal jurisdiction exists over Defendants LVNV Funding, LLC, Budzik & Dynia, LLC and Firstsource Advantage, LLC as they have the necessary minimum contacts with the State of Alabama and this suit arises out of their specific conduct with Plaintiff in Alabama.

4.     Subject matter jurisdiction exists under federal question jurisdiction (28 U.S.C. Section 1331) and through diversity jurisdiction (28 U.S.C. Section 1332).

## VENUE

5.    Venue is proper as Plaintiff lives in this judicial district, the events took place in this judicial district, and the Defendants[1] LVNV Funding, LLC, Budzik & Dynia, LLC and Firstsource Advantage, LLC do business in this judicial district.

## PARTIES

6.    Plaintiff Renee Barton (hereinafter "Plaintiff") is a natural person who is a resident and citizen of Alabama in this judicial district.

7.    Defendant LVNV Funding, LLC ("Defendant" or "LVNV") is a foreign debt collection firm that engages in the business of debt collection in Alabama (including this judicial district).  It is a debt collector under the FDCPA.  It is incorporated in Delaware and has its principal place of business in Nevada.

8.    Defendant Budzik & Dynia, LLC ("Defendant" or "Budzik") is a foreign debt collection law firm that engages in the business of debt collection in Alabama (including this judicial district).  It is a debt collector under the FDCPA.  It is incorporated in Illinois and has its principal place of business in Illinois.

---

[1] Any reference to a Defendant means that Defendant directly or through its debt collectors, employees and agents that took any collection action against Plaintiffs.

9.   Defendant Firstsource Advantage, LLC ("Defendant" or "Firstsource") is a foreign debt collection firm that engages in the business of debt collection in Alabama (including this judicial district).  It is a debt collector under the FDCPA.  It is incorporated in New York and has its principal place of business in New York.

10.   In the present case, Defendants LVNV Funding, LLC, Budzik & Dynia, LLC and Firstsource Advantage, LLC operated as agents for each other and all actions taken by one entity were taken on behalf of the other entity.

11.   Defendants are responsible for the acts of each other.

## FACTUAL ALLEGATIONS

12.   Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

13.   Plaintiff does not owe any money to Defendants.

14.   Plaintiff started receiving calls and letters from the Defendant LVNV or from collection agencies for the Defendant LVNV.

15.   This is an alleged debt which went into default in or before 2005.

### Letter from Creditors Interchange dated June 28, 2005

16.   On or about June 28, 2005, Plaintiff received a letter from Creditors Interchange "Re:  Your account with our client LVNV Funding, LLC".

17.  The account was for Bank of America with an account number of XXXXXXXXXXXX7774, with a balance owed of $8,272.58.

18.  The letter was signed by Gina Rattle.

19.  Plaintiff desired to settle this debt.

20.  Creditors Interchange, on behalf of Defendant LVNV, offered to settle the debt for $5,000.00

21.  On June 28, 2005, Gina Rattle sent by fax to David Jerry Benson a credit card authorization form with a reference number of 8579827-GIR.

22.  On June 28, 2005, David Benson faxed the signed "credit card authorization form" authorizing a payment of $5,000.00 to pay the Bank of America account XXXXXXXXXXXX7774 to Gina Rattle.

23.  On June 29, 2005, Creditor Interchange sent a "Confirmation of credit card payment made by phone" to Jerry Benson with a payment date of June 28, 2005, in the amount of $5,000.00 and a CI Tracking Number 8579827-GIR.

24.  As of June 28 or 29, 2005, the debt to Defendant LVNV was completely settled.

## LVNV Sues Barton

25.  On or about January 29, 2010, LVNV as assignee of Bank of America sued Renee Barton in the Small Claims Court of Jefferson County, Bessemer Division for $2,846.46.

26.   Barton answered the lawsuit on or about March 8, 2010.

27.   The Answer consisted of a formal answer and letter, and documentation showing the settlement payment of $5,000 in June 2005.

28.   Barton told Defendant LVNV that the account was settled in June 2005.

29.   In the letter Barton told Defendant LVNV "I am also very upset that this is even being sent to me when I made that unbelievable amount of $5000.00 which I had to borrow from my ex-husband. This kept him from owing any more child support for our son, who was 12-years-old at the time, so I could pay him back."

30.   A motion to dismiss without prejudice was filed by LVNV on March 31, 2010.

31.   This was done so Defendant LVNV could claim it had protection to continue debt collection activities on a debt that it knows Barton does not owe and has not owed since she settled the case in 2005.

32.   The state court dismissed the lawsuit, without prejudice, on April 9, 2010.

### Experian Credit Report

33.   In April 2010, Barton pulled her Experian credit report to find that Bank of America was reporting account XXXXXXXXXXX7774 with a charged off balance of $6,281.00, with a high balance of $8,143.00 and that the account was "purchased by another lender."

## July 27, 2011, Letter from Budzik & Dynia, LLC

34. On or about July 27, 2011, Plaintiff received a letter from Budzik referencing BDL#430789, Bank of America and LVNV Funding, LLC with an original account number XXXXXXXXXXXX7774 and current balance of $6,458.73.

35. The letter stated "Your Account has been placed with our office to seek a voluntary resolution with you for the Total Amount Due on your account."

36. It also stated "Please note that as your account has been placed with us to seek a voluntary resolution, no attorney with this firm has personally reviewed the particular circumstances of your account at this time."

37. It further stated "This is an attempt to collect a debt.   Any information obtained will be used for that purpose.   This communication is from a debt collector."

## January 4, 2012, Letter from Firstsource Advantage, LLC

38. On January 4, 2012, Barton received a letter from Firstsource stating the original creditor was LVNV Funding, LLC, Reference Number of 20093945, the creditor account number is xxx7774, and the account balance was $6,273.13.

39. The letter stated "We would like to offer you the following flexible options to assist you in an equitable resolution to your account..."

40.   It also stated "This is a communication from a debt collector.  This is an attempt to collect a debt and any information obtained will be used for that purpose."

## Defendants Budzik and Firstsource Were Collecting On Behalf Of Defendant LVNV On The Non Existent Debt

41.   This debt, which was paid in 2005, has been transferred or assigned to Defendant Budzik .

42.   Defendant Budzik collected on the alleged debt as described above.

43.   The debt, which as paid in 2005, was also transferred or assigned to Defendant Firstsource.

44.   Defendant Budzik collected on the alleged debt as described above.

45.   Defendant Budzik was acting in the line and scope of its agency relationship with Defendant LVNV when it collected against Barton.

46.   Defendant Firstsource was acting in the line and scope of its agency relationship with Defendant LVNV when it collected against Barton.

## Other Factual Allegations Against Defendants

47.   Defendants know they cannot collect on a debt which is not owed.

48.   Defendants know it is a lie and a threat to take illegal action (or action that they never intended to take) when they threatened to and did collect on this paid off debt.

49.   The purpose of the Defendants lying and threatening Plaintiff with collection activity was to harass, annoy, abuse, or oppress Plaintiff, so that the Plaintiff pays the debt.

50.   Defendants have been successful as their actions have annoyed, harassed, abused, and/or oppressed Plaintiff.

51.   Much to the regret of Defendants, however, Plaintiff refused to pay the debt even when lied to and threatened by Defendants.

52.   Defendants would have escalated the collection efforts against Plaintiff, including suing Plaintiff again, but for this lawsuit which will stop all collection actions by Defendants.

53.   All actions taken by Defendants were taken intentionally and with full knowledge of the consequences and damage such actions would cause against Plaintiff.

54.   Defendants have refused to give all required disclosures under the FDCPA when communicating with Plaintiff.

55.   Defendants are debt collectors under 15 U.S.C. § 1692a(6).

## SUMMARY

56.   All of the above-described collection communications made to Plaintiff by Defendants and collection agents of Defendants were made in violation of the FDCPA.

57.   Defendants violated numerous sections of the FDCPA, including, but not limited to: 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), 1692f, and 1692f(1).

58.   The above-detailed conduct by Defendants of harassing Plaintiff in an effort to collect this debt was also an invasion of Plaintiff's privacy and resulted in actual damages to the Plaintiff.

59.   The above detailed conduct by Defendants reflect their knowledge and appreciation for the harm that would naturally and likely happen to Plaintiff and with full knowledge thereof that Defendants willfully, maliciously, recklessly, and/or negligently undertook their actions and it was successful in causing the harm to the Plaintiff that Defendants wanted to cause.

60.   The collection activities by Defendants and their agents caused Plaintiff stress and anguish.

61.   Defendants' repeated attempts to collect this debt from Plaintiff and refusal to stop violating the law was an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

62.   Plaintiff has suffered actual damages as a result of these illegal collection communications by Defendants in the form of monetary loss, anger, anxiety, emotional distress, fear, frustration, damage to reputation, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from

unjustified and abusive invasions of personal privacy, which was due to the illegal conduct of Defendants.

63.   The only way that abusive debt collectors like Defendants will stop their abusive practices towards consumers is by a jury verdict fully compensating Plaintiff for the harm done to Plaintiff and by a punitive damage award.

64.   A punitive damage award will get the attention of Defendants and other abusive debt collectors so that they will realize that it no longer makes economic sense to abuse consumers and to gain an unfair competitive advantage over honorable, law abiding collectors.

65.   A full compensatory damage award and a full punitive damage award will accomplish the goals of Congress in passing the FDCPA - stop abusive collection practices against consumers and prevent dishonorable debt collectors from having an unfair advantage over collectors that operate within the boundaries of the law.

## RESPONDEAT SUPERIOR LIABILITY

66.   The acts and omissions of Defendants' agents who communicated with Plaintiff as more further described herein, were committed within the line and scope of their agency relationship with their principal Defendants.

67.   The acts and omissions by these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendants in collecting consumer debts.

68.   By committing these acts and omissions against Plaintiff, these other debt collectors were motivated to benefit their principal the Defendants.

69.   Defendants are therefore liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional, reckless, and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Alabama tort law, in their attempts to collect this debt from Plaintiff.

70.   Defendants negligently and/or wantonly and/or hired, retained, trained or supervised incompetent debt collectors and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

71.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

72.   The acts and omissions of Defendants and their agents constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff including, but not limited to the following:   1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), 1692f, and 1692f(1).

73.   As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to statutory damages; actual and compensatory damages; and reasonable attorney's fees, expenses and costs, from Defendants.

## COUNT II.

## INVASION OF PRIVACY

74.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

75.   Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendants violated Alabama state law as described in this Complaint.

76.   Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

77.   Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

78.   Defendants and/or their agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

79.   Defendants and their agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

80.   Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

81.   The conduct of Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

82.   The conduct of Defendants went beyond the bounds of reasonableness in the collection of the alleged debt for all of the reasons asserted in this Complaint and based upon the evidence which will be presented at trial.

83.   As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

84.   All acts of Defendants and their agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendants are subject to punitive damages.

## COUNT III.

## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

85.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

86.   Defendants negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and are thereby responsible to the

Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

87.   Had Defendants hired competent debt collectors, the violations described in this Complaint would not have occurred.

88.   Had Defendants properly trained and/or supervised the debt collectors, the violations described in this Complaint would not have occurred.

89.   Defendants carried out their hiring, supervision and training activities in a negligent manner and also in a reckless, malicious, and/or intentional manner.

90.   Defendants knew that the actions it was taking against the Plaintiff would likely, and certainly, cause the exact type of injuries and damages that Plaintiff suffered at the hands of Defendants.

## COUNT IV

## NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

91.   All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

92.   Defendants owe a duty to anyone they come in contact with to act reasonably so as to not unreasonably cause harm.

93.   Defendants have assumed a duty to act reasonably towards Plaintiff and not to unreasonably cause Plaintiff harm.

94. Defendants owe a duty to consumers against whom they are collecting to act reasonably.

95. All of the actions described in this Complaint demonstrate that Defendants did not act reasonably towards the Plaintiff.

96. Defendants, by their described conduct, breached their duty to act reasonably towards Plaintiff.

97. Defendants proximately caused injuries and damages to Plaintiff which were of the precise nature that Defendants anticipated causing when they breached their duty to act reasonably.

98. Defendants knew, or should have known, that their conduct was likely to lead to the Plaintiff's injuries yet they acted despite this knowledge.

99. Defendants acted with full knowledge and with the design and intent to cause harm to Plaintiff.

100. Defendants were successful in their design, intent, and plan to cause harm to Plaintiff and this is the corporate policy of Defendants when dealing with consumers who do not pay debts that Defendants allege are owed.

101. Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.

102. Defendants violated all of the duties Defendants had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

103. It was foreseeable, and Defendants did in fact foresee it, the actions of the Defendants would lead and did lead to the exact type of harm suffered by Plaintiff.

104. Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.

105. Defendants invaded the privacy of Plaintiff as set forth in Alabama law.

106. Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

107. As a result of this conduct, action, and inaction of Defendants, Plaintiff has suffered damage as set forth in this Complaint.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for all damages allowable (including statutory, actual, compensatory, nominal and punitive), costs, expenses, fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

**John G. Watts (ASB-5819-t82j)**
**M. Stan Herring (ASB-1074-n72m)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com

**Attorneys for Plaintiff**

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

**Attorney for Plaintiff**

**Serve defendant via certified mail at the following address:**

LVNV Funding, LLC
c/o CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, Alabama 36104

Budzik & Dynia, LLC
c/o Alfred S. Dynia
4849 N. Milwaukee Avenue
Suite 801
Chicago, Illinois 60630

Firstsource Advantage, LLC
c/o CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, Alabama 36104