# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **RENEE BARTON, an individual,** | ) |
| **Plaintiff,** | ) |
| v. | ) **CASE NO: CV-12-RRA-2278-S** |
| **LVNV FUNDING, LLC, ET AL.,** | ) |
| **Defendants.** | ) |

## ANSWER

COMES NOW, Defendant LVNV Funding, LLC (hereinafter "LVNV") and files this Answer to Plaintiff's Complaint as follows:

1. LVNV denies any violation of state or federal law.

2. LVNV denies violating the FDCPA.

## JURISDICTION

3. LVNV does not contest jurisdiction.

4. LVNV does not contest jurisdiction.

## VENUE

5. LVNV has insufficient information to admit or deny whether venue is proper.

## PARTIES

6. LVNV has insufficient information to admit or deny whether Plaintiff's place of residence.

{W0327178.1 }

7.     LVNV admits it is a foreign business defined as a debt collector in regards to debts covered by the FDCPA.

8.     LVNV has insufficient information to admit or deny the averments contained in Paragraph 8.

9.     LVNV has insufficient information to admit or deny the averments contained in Paragraph 9.

10.    Denied.

11.    Denied.

## FACTUAL ALLEGATIONS

12.    LVNV admits that Plaintiff incurred a financial obligation, but is without sufficient information to either admit or deny whether it is a "debt" as defined by 15 U.S.C. § 1692a(5).

13.    Denied.

14.    Admitted.

15.    Admitted, on information and belief.

16.    LVNV admits Creditors Interchange collected the debt but does not know the verbatim contents of the correspondence.

17.    LVNV admits Creditors Interchange collected the debt but does not know the verbatim contents of the correspondence.

18.    LVNV admits Creditors Interchange collected the debt but does not know the verbatim contents of the correspondence.

19.    LVNV is without sufficient information to admit or deny this averment.

{W0327178.1 }

20. Denied.

21. LVNV has insufficient information to admit or deny the averment.

22. LVNV admits the partial payment, but does not have information sufficient to admit or deny the remainder.

23. Denied.

24. Denied.

25. Admitted.

26. Admitted.

27. LVNV denies the $5,000.00 was a settlement payment and does not have sufficient information to admit or deny the remainder.

28. Denied.

29. LVNV does not have this letter and cannot admit or deny its contents.

30. Admitted.

31. Denied.

32. Admitted.

33. LVNV has insufficient information to either admit or deny the averment contained in Paragraph 33.

34. LVNV admits Budzik collected the account but does not have sufficient information to admit or deny the wording of the letter.

35. LVNV admits Budzik collected the account but does not have sufficient information to admit or deny the wording of the letter.

36. LVNV admits Budzik collected the account but does not have sufficient information to admit or deny the wording of the letter.

37. LVNV admits Budzik collected the account but does not have sufficient information to admit or deny the wording of the letter.

38. LVNV admits FirstSource collected the account but does not have information sufficient to admit or deny the wording of the letter.

39. LVNV admits FirstSource collected the account but does not have information sufficient to admit or deny the wording of the letter.

40. LVNV admits FirstSource collected the account but does not have information sufficient to admit or deny the wording of the letter.

41. Denied.

42. Denied as phrased.

43. Denied.

44. Denied as phrased.

45. LVNV has insufficient information to admit or deny this averment.

46. LVNV has insufficient information to admit or deny this averment.

47. This type of argumentative averment cannot be fairly admitted or denied. This averment is included merely to provoke or inflame members of the jury. LVNV denies this debt was not owed.

48. This type of argumentative averment cannot be fairly admitted or denied. This averment is included merely to provoke or inflame members of the jury. LVNV denies this debt was paid off.

49. This type of argumentative averment cannot be fairly admitted or denied. This averment is included merely to provoke or inflame members of the jury.

50. This type of argumentative averment cannot be fairly admitted or denied. This averment is included merely to provoke or inflame members of the jury.

51. This type of argumentative averment cannot be fairly admitted or denied. This averment is included merely to provoke or inflame members of the jury.

52. This type of argumentative averment cannot be fairly admitted or denied. This averment is included merely to provoke or inflame members of the jury.

53. Denied.

54. Denied.

55. Admitted, to the extent that this is a debt covered by the FDCPA, which LVNV cannot at this time admit or deny.

## **SUMMARY**

56. Denied.

57. Denied.

58. Denied.

59. This averment is argumentative and cannot be fairly admitted or denied.

60. Denied.

61. Denied.

62. Denied.

63. This type of argumentative averment cannot be fairly admitted or denied. This averment is included merely to provoke or inflame members of the jury.

64. This type of argumentative averment cannot be fairly admitted or denied. This averment is included merely to provoke or inflame members of the jury.

65. This type of argumentative averment cannot be fairly admitted or denied. This averment is included merely to provoke or inflame members of the jury.

66. Denied.

67. Denied.

68. Denied.

69. Denied. LVNV denies any violations of state or federal law.

70. LVNV denies Plaintiff is entitled to any relief whatsoever and demands strict proof thereof; the remainder of the averments in Paragraph 70 are denied.

## **CAUSES OF ACTION**

### **COUNT I.**

71. LVNV incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

72. Denied.

73. Denied.

### **COUNT II.**

74. LVNV incorporates by reference all of the paragraphs of this Answer as though fully stated herein.

75. LVNV denies any violations of state or federal law.

76. This type of argumentative averment cannot be fairly admitted or denied. This averment is included merely to provoke or inflame members of the jury.

77. This type of argumentative averment cannot be fairly admitted or denied. This averment is included merely to invoke or inflame members of the jury.

78. Denied.

79. Denied.

80. LVNV denies any violations of state or federal law.

81. Denied.

82. Denied.

83. LVNV denies Plaintiff is entitled to any relief whatsoever and demands strict proof thereof.

84. Denied.

## COUNT III.

85. LVNV incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

86. Denied.

87. LVNV denies that the violations alleged occurred.

88. LVNV denies that the violations alleged occurred. 89.  Denied.

90. Denied.

## COUNT IV.

91. All paragraphs of this Answer are expressly adopted and incorporated as though fully set forth herein.

92. This averment seeks a legal conclusion and cannot be fairly admitted or denied.

93. This averment seeks a legal conclusion and cannot be fairly admitted or denied.

94. This averment seeks a legal conclusion and cannot be fairly admitted or denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. LNVN denies Plaintiff is entitled to any relief whatsoever and demands strict proof thereof.

In answer to the Paragraph that begins WHEREFORE, LVNV denies Plaintiff is entitled to any relief whatsoever and demands strict proof thereof.

## **AFFIRMATIVE DEFENSES**

1. The Defendant pleads the general issue.

2. The Defendant pleads not guilty.

{W0327178.1 }

3. The Defendant cannot consent to venue at this stage as the county of residence of the Plaintiff is not known. The Defendant does not contest jurisdiction but venue may be inappropriate.

4. The Defendant pleads it acted at all times in good faith on the information known to and provided to it.

5. The Defendant pleads the defense of mitigation of damages.

6. To avoid waiver, the Defendant pleads contributory negligence.

7. The Defendant pleads some or all of the state law claims are preempted by the FDCPA and/or the FCRA.

8. The Defendant denies the Plaintiff was harmed by any act, error or omission on its part. The Defendant pleads any harm suffered by the Plaintiff was caused by a third party for which this Defendant has no legal responsibility and over which this Defendant has no control.

9. The Defendant denies notice of any alleged or actual incompetence of any agent or employee.

10. Defendant denies it is guilty of conduct referable to which punitive damages could or should be award, and denies that Plaintiff has produced clear and convincing evidence sufficient to support or sustain to support or sustain the imposition of punitive damages against Defendant.

11. Plaintiff cannot recover punitive damages against Defendant because such an award, which is penal in nature, would violate Defendant's constitutional rights protected under the Alabama Constitution of 1901, as amended and the Constitution of

the United States unless Defendant is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of any incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

12. Subjecting Defendant to punitive damages, or affirming an award of punitive damages against Defendant in this case, would amount to and constitute a denial of due process as afforded by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and by the Due Process Clause of Article 1, Section 13 of the Alabama Constitution, as a deprivation of property without due process, or standards or criteria of due process, based upon the following grounds and circumstances, separately and severally assigned:

    (a) any award of punitive damages against Defendant under the evidence in this case would necessarily be based upon an evidentiary standard less than a standard of proof of beyond a reasonable doubt;

    (b) there is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damages award, and such award is subject to no predetermined limits;

    (c) use of the Alabama Pattern Jury Instructions in instructing the jury as to the award of punitive damages, and the amount of such an award, does not provide sufficient guidance or standards for the award or amount of punitive damages;

    (d) any punitive damages award would not be subject to post trial and appellate review on the basis of suitable and sufficient objective standards and criteria;

    (e) the power and authority imposed upon the jury under Alabama law as to the amount of punitive damages award is so relatively unfettered that there is lacking any reasonable or logical

standard, uniform criteria, or guidance in the assessment of the amount of the award of punitive damages;

(f) under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and the alleged wrongful or culpable conduct;

(g) under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and the interests or goals of the State of Alabama referable to the imposition or allowance of punitive damages;

(h) under Alabama law and procedure, there is no objective or rational criteria for the amount of the award of punitive damages as relates or compares to the assessment of compensatory damages, or amount of compensatory damages;

(i) an award of punitive damages should not be permitted to be assessed against Defendant for unauthorized acts of an agent or agents without any additional requirement of knowledge or fault on the part of Defendant;

(j) an award of punitive damages should not be permitted to be assessed against Defendant vicariously as a principal without any further proof of independent, wrongful conduct or ratification by Defendant;

(k) Alabama procedures, pursuant to which amounts of punitive damages are awarded, permit the imposition of different penalties for the same or similar acts;

(l) under Alabama law and procedures governing the award and assessment of punitive damages, there is no objective, logical, or reasonable standard or criteria which governs the award, or the amount of the award, of punitive damages;

(m) the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant;

(n) the procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

{W0327178.1 }

(o) the procedures pursuant to which punitive damages are awarded fail to provide a clear post-trial or appellate standard of review for an award of punitive damages;

(p) the procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and

(q) an award of punitive damages would constitute an arbitrary and capricious taking of property of Defendant without due process of law.

13. Plaintiff is not entitled to punitive damages from Defendant pursuant to the facts as alleged in Plaintiff's Complaint.

14. Plaintiff's claim for punitive damages against Defendant is barred by the Fourteenth Amendment to the United States Constitution and by the Alabama Constitution.

15. Imposition of punitive damages in this case against Defendant would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

16. To award punitive damages against Defendant in this case would have a chilling effect upon Defendant's rights to open access to the courts of this State, in violation of the United States Constitution and the Alabama Constitution, separately and severally.

17. In the event that any portion of a punitive damages award against Defendant in this case were to inure to the benefit of the State of Alabama, or any governmental or private entity other than plaintiffs, such an award would violate the

{W0327178.1 }

Excessive Fines Clause of the Eighth Amendment to the United States Constitution and Article 1, Section 15, of the Alabama Constitution.

18. To award punitive damages against Defendant in this case would violate the Contracts Clause of Article 1, Section 10 of the United States Constitution, as an award of punitive damages would impair contractual obligations.

19. Based upon Alabama procedures relative to punitive damages, which provide no objective, logical, or reasonable standards or criteria which govern the award, and the amount of the award, of punitive damages, Defendant is denied equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution, and Article 1, §§ l, 6, and 22 of the Alabama Constitution, separately and severally.

20. Plaintiff's claim for punitive damages violates the rights of Defendant to due process and equal protection of the law as guaranteed by the United States Constitution and the Alabama Constitution in that the procedure for post-trial review of punitive damages set forth in <u>Hammond v. City of Gadsden</u> and <u>Green Oil Company v. Hornsby</u> is unconstitutionally vague and inadequate in the following respects:

    (a) The <u>Hammond</u> and <u>Green Oil</u> procedure provides no clearly defined standard for courts to apply in reviewing punitive damages;

    (b) The <u>Hammond</u> and <u>Green Oil</u> procedure provides inadequate review as to the need to deter, whether deterrence has been accomplished, and whether punishment is appropriate;

    (c) The <u>Hammond</u> and <u>Green Oil</u> procedure provides inadequate review and a vague standard regarding the relationship of the punitive damage award to the harm;

 (d) The <u>Hammond</u> and <u>Green Oil</u> procedure does not address nor cure the lack of guidelines given the jury in the assessment of punitive damages;

 (e) This procedure is inadequate in that the trial court according to <u>Hammond</u> and <u>Green Oil</u> "may" take certain factors into account and these procedures lack predictable and objective standards of review, allow for inconsistent application of the factors, and allow for unpredictable and inconsistent results; and

 (f) The <u>Hammond</u> and <u>Green Oil</u> procedure fails to provide definite and meaningful constraints on jury discretion in awarding punitive damages.

 21. Plaintiff's claim for punitive damages cannot be upheld to the extent it violates or contravenes the holding of the United States Supreme Court in ruling on the case of <u>BMW of North America. Inc. v. Gore</u>, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (May 20, 1996).

 22. The demand for punitive damages in the instant case is subject to these limitations established by the Alabama legislature and set forth in Section 6-11-21, Code of Alabama, as amended.

 23. The Alabama Supreme Court's action in abolishing the legislatively created cap on punitive damages was unconstitutional and without effect. Under the United States Constitution, and the Constitution of the State of Alabama, the Alabama Supreme Court cannot abolish the punitive damages cap created by the legislature through judicial fiat. <u>Honda Motors Co. v. Oberg</u>, 512 U.S. 415, 431 (1994).

 24. If multiple punitive damage awards were assessed against Defendant it would violate the Constitutions of the United States and the State of Alabama, violating

{W0327178.1 }

Defendant's rights to due process and to a jury trial and violating Defendant's right against double jeopardy.

25.     The Defendant pleads the Complaint fails to state a claim or cause of action upon which relief can be granted.

25.     The Defendant reserves the right to assert additional defenses as discovery continues.

Respectfully Submitted,

/s/ Neal D. Moore, III
Neal D. Moore, III
Sarah E. Orr
*Attorneys for Defendant, LVNV Funding, LLC*

OF COUNSEL:
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, Alabama  35243
(205)879-8722

{W0327178.1 }

## CERTIFICATE OF SERVICE

This is to certify that on this the 18th day of July, 2012, a copy of the forgoing document has been served upon counsel for all parties to this proceeding via electronic filing:

John G. Watts
M. Stan Herring
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama  35203
john@wattsherring.com
stan@wattsherring.com

                                              /s/ Neal D. Moore, III
                                              OF COUNSEL